1  **John D. Zemanek (SBN 78687)**
2  **jz@zmlawpc.com**
   **ZEMANEK & MILLS**
3  **11845 West Olympic Boulevard, Suite 625**
   **Los Angeles, California 90064**
4  **Tel: (310) 473-8100**
   **Fax: (310) 445-3166**
5

6  **Attorneys for Defendant Highland Avenue Plaza, LLC**

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  | | |
|---|---|
| JAMES A. RUTHERFORD, an individual, | Case No. 5:20-cv-00527 SVW (SPx) |
| Plaintiff, | Action Filed:  March 16, 2020<br>Trial Date:    Not Set<br>District Judge:  Stephen V. Wilson |
| v. | Magistrate Judge: Sheri Pym |
| HIGHLAND AVENUE PLAZA, LLC, a California limited liability company; and DOES 1 – 10, inclusive, | **ANSWER OF DEFENDANT HIGHLAND AVENUE PLAZA, LLC TO COMPLAINT**<br>**[Jury Trial Requested]** |
| Defendants. | |

   COMES NOW, defendant Highland Avenue Plaza, LLC ("Defendant"), for itself only, and for no other defendant, in answer to the complaint of plaintiff James Rutherford ("Plaintiff"), admits, avers, and denies as follows:

---

**ANSWER TO COMPLAINT**
1

1. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2 (sic; should be "4" but misnumbered "2" in the complaint) and 6, and on this basis denies them.

2. Defendant admits the allegations of paragraphs 1 (sic; should be "3" but misnumbered "1" in the complaint), 2, 7 and 8.

3. Answering the allegations of paragraphs 3, 4 and 5, Defendant admits the court has original jurisdiction for the alleged violation of the Americans With Disabilities Act, 42 U.S.C. §§ 1201, et seq. ("ADA"). Defendant avers that the court should decline to exercise supplemental jurisdiction over the claims for the alleged violation of California state law claims, including the Unruh Civil Rights Act, pursuant to 28 U.S.C. § 1367(c), on the grounds that (1) the state law claims raise novel and/or complex issues involving California law that are more appropriately decided by a state court, (2) the state law claims substantially predominate over the ADA claim, and (3) exceptional circumstances and compelling reasons exist for this court not to exercise supplemental jurisdiction, in that, Defendant is informed and believes and it thereon so alleges, Plaintiff is a high-frequency litigant, as that term is defined in California Code of Civil Procedure Section 425.55(b)(1), subject to special, prophylactic pleading and court filing requirements under California Code of Civil Procedure Section 425.50(a)(4)(A), (b)(2), (c) and (d), and for this court to exercise supplemental jurisdiction over plaintiff's state court claims would enable Plaintiff to forum-shop and to evade the special pleading and filing requirements laid down by California statutory law.  Except as so averred and denied, Defendant denies the allegations of these paragraphs.

4. Answering the allegations of paragraphs 11, 14, 15, and 16, Defendant lacks sufficient information or belief to admit or deny said allegations, and on that basis Defendant denies the allegations of said paragraphs.

5. Answering the allegations of paragraphs 9 and 10, Defendant admits and avers that (a) the closest disabled parking to the Business are the disabled parking stalls provided in front of the Subway shop at building 4130, and that Defendant is in the process of designing and constructing a dual van accessible stall directly in front of the Business at building 4160; (b) a portion of the walkway on the "on-site" path of travel, which includes a curb cut ramp which then connects to a ramped walkway up to the side of the vacant Payless Shoe space, exceeds a 6.4% slope and lacks handrails, and that Defendant is in the process of designing and constructing removal of said walkway and replacements with a maximum 5% slope, which does not require handrails; and (c) except as so admitted and averred, Defendant denies the allegations of said paragraphs.

6. Defendant denies the allegations of paragraphs 12, 13 and 20.

7. Answering the allegations of paragraphs 17, 18, 19, 22, 23 and 29, Defendant is without information or knowledge as to whether Plaintiff visited the Property, Plaintiff's alleged disability, whether he has plans to visit the Property in the future and, if so, for what reason, and whether Plaintiff intends to amend the complaint. Except as so averred and denied, Defendant denies the allegations of said paragraphs.

8. Answering the allegations of paragraph 21, Defendant lacks sufficient information or belief to admit or deny the allegations of violation of the ADA, and

on that basis Defendant denies said allegations, and except as so averred and denied, Defendant denies the allegations of this paragraph.

9. Answering the allegations of paragraph 24, Defendant incorporates by reference and realleges its answer to paragraphs 1 through 23.

10. Answering the allegations of paragraphs 25, 26, 27, 28, 31, 32 and 33, Defendant avers that the language of the statutes and regulations, and of the cases interpreting them, govern the meaning thereof, Defendant denies that it is "systematically violating" the UCRA, that Defendant's alleged violations of the UCRA are "ongoing", and that Defendant has previously been put on actual or constructive notice that the Business is inaccessible to Plaintiff.  Defendant lacks sufficient information or belief to admit or deny the allegations of violation of said statutes and regulations, and on that basis Defendant denies said allegations.  Except as so averred and denied, Defendant denies the allegations of these paragraphs.

11. Answering the allegations of paragraph 30, Defendant incorporates by reference and realleges its answer to paragraphs 1 through 29.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and affirmative defense to the complaint, and all causes of action contained therein, the complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and affirmative defense to the complaint, and all causes of action contained therein, the Court should decline to exercise supplemental

jurisdiction over the State Law Claims pursuant to 28 U.S.C. §1367(c) as (1) these claims raise novel and/or complex issues involving California law that are more appropriately decided by a state court, (2) these claims substantially predominate over the ADA claim, and (3) exceptional circumstances and compelling reasons exist for this court not to exercise supplemental jurisdiction over these claims, in that, Defendant is informed and believes and it thereon so alleges, Plaintiff is a high-frequency litigant, as that term is defined in California Code of Civil Procedure Section 425.55(b)(1), subject to special, prophylactic pleading and court filing requirements under California Code of Civil Procedure Section 425.50(a)(4)(A), (b)(2), (c) and (d), and for this court to exercise supplemental jurisdiction over plaintiff's state court claims would enable Plaintiff to forum-shop and to evade the special pleading and filing requirements laid down by California statutory law.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant avers that Plaintiff did not suffer any injury or damage as a result of any of the alleged acts and omissions.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant avers that Plaintiff lacks standing to pursue any of the alleged claims, including the alleged violation of the ADA, as he was not subject to a substantial likelihood of future injury.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff was not denied the full and fair equal enjoyment of

any goods, services, facilities, or privileges offered by Defendant on the basis of any disability of Plaintiff, if any.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant is informed and believes that Plaintiff initiated this action for purposes other than what the applicable laws were designed to redress.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant is informed and believes, and thereon alleges, that by virtue of Plaintiff's unlawful, immoral, careless, negligent and/or other wrongful conduct, Plaintiff should be barred from recovery against Defendant under the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and affirmative defense to the complaint, and all causes of action contained therein, if the Property had any architectural barriers, as alleged in the complaint, which Defendant denies, removal of such barriers, or implementation of alternative methods, would not be readily achievable, easily accomplishable, or carried out without much difficulty and expense.

### NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant did not intentionally violate any applicable law regarding disability access as alleged in the complaint.

## TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff lacks standing to pursue injunctive relief that seeks remediation beyond that which is needed to address his alleged particular disability.

## ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff failed to provide Defendant with a prelitigation "demand letter" as required by California Civil Code section 55.3, et seq.

## TWELFTH AFFIRMATIVE DEFENSE

As a twelfth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff did not serve Defendant with the application for stay and early evaluation form required by California Civil Code section 55.54.(a)(1).

## THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff did not serve Defendant with the "advisory notice to defendant" required by California Civil Code section 55.54.(a)(1) at the time the summons and complaint was served.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant has had a CASp report prepared for the Property, has corrected some of the conditions described therein, and is scheduling remediation of all recommended corrections contained therein, and is entitled to the

benefits of all applicable California laws related thereto including, but not limited to, California Civil Code section 55.53, et seq.

WHEREFORE, Defendant prays for relief as follows:

1. That the Court declines to exercise jurisdiction over the state claims alleged herein;
2. That Plaintiff take nothing against Defendant;
3. That judgment be entered in favor of Defendant;
4. That Defendant have and recover its costs of suit herein;
5. That Defendant have and recover its reasonable attorney's fees incurred herein; and
6. For such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUESTED

Defendant Highland Avenue Plaza, LLC hereby requests a jury trial on all claims and defenses to which it has a right to a trial by jury.

Dated: April 15, 2020

ZEMANEK & MILLS

/s/_____
By: John D. Zemanek, Esq.
Member of Zemanek & Mills, a professional corporation, attorney for Defendant Highland Avenue Plaza, LLC